UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GELASIO J. GUERRERO,<br><br>    Plaintiff<br><br>v.<br><br>AMBER TOREZ, et al.,<br><br>    Defendants | Case No.: 3:23-cv-00005-MMD-CSD<br><br>**Order**<br><br>Re: ECF Nos. 1-1, 4 |

Plaintiff, who is an inmate in custody of the Washoe County Detention Facility, has filed an application to proceed in forma pauperis (IFP) (ECF No. 4) and pro se complaint (ECF No. 1-1).

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $11.72 and his average monthly deposits were $36.14.

Plaintiff's application to proceed IFP is granted. Plaintiff is required to pay an initial partial filing fee in the amount of $7.22 (20 percent of $36.14). Thereafter, whenever his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

### A. Standard

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint names the following defendants: Amber Torez, Roman Sanchez, Brian Almarez, Gina Wachsmuth, Andrew Martinez, Spencer Quintero, Standard Frank, Jr., Gina Williams, Frank Honeywell, Joshua Gonzalez, Miranda Quintero, John Doe (Mineral County Sheriff), and John Doe (Lyon County Sheriff's Office).

The only *factual* allegation in Plaintiff's complaint is that on July 10, 2022, he was approached by Almarez, whom Plaintiff claims was impersonating a federal agent, and attacked Plaintiff and his minor children with a taser and his pistol. Plaintiff then includes vague

allegations regarding self-defense, and some sort of conspiracy between the Walker River Paiute Tribe, Public Safety, whom he accuses of government tyranny.

Plaintiff does not state any claim for relief that is plausible on its face. First, with respect to Almarez, Plaintiff does not include sufficient *factual* allegations to state what the court presumes Plaintiff intends to be a Fourth Amendment claim for excessive force. He discusses equal protection and discrimination, but he includes no *factual* allegations regarding how he was discriminated against. He references illegal incarceration, but he includes no *factual* allegations to support such a claim. He includes *no* factual allegations regarding any of the other named defendants or John Doe defendants.

Plaintiff includes vague allegations regarding the Walker Lake Paiute Tribe and Public Safety, including conspiracy and violation of separation of powers, but there are no specific factual allegations.[1]

Finally, it is unclear whether the individuals Plaintiff names are federal officials and whether the claims are may be brought under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Alternatively, if the individuals are tribal officials, they may be entitled to tribal sovereign immunity.

For these reasons, Plaintiff's complaint will be dismissed, but with leave to amend.

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 4) is **GRANTED**; however, within **30 DAYS** Plaintiff must pay, through NDOC, an initial partial filing fee in the amount of $7.22. Thereafter, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350

---

[1] Plaintiff may face the additional hurdle of tribal sovereign immunity.

filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful.

The Clerk must **SEND** a copy of this Order to the attention of **Chief of Inmate Services for the Washoe County Detention Facility**, 911 E. Parr Blvd., Reno, NV 89512.

(2) The Clerk will **FILE** the complaint (ECF No. 1-1).

(3) The Complaint is **DISMISSED WITH LEAVE TO AMEND**.

(4) The Clerk shall **SEND** Plaintiff the instructions for filing a civil rights complaint by an incarcerated individual and form civil rights complaint by an inmate.

(5) Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall check the box for the first amended complaint on the court's form civil rights complaint. If Plaintiff fails to file an amended complaint within the 30 days, the action may be dismissed.

**IT IS SO ORDERED**.

Dated: August 2, 2023

_____
Craig S. Denney
United States Magistrate Judge

6