UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GELASIO GUERRERO,

    Plaintiff

v.

AMBER TOREZ, et al.,

    Defendants

Case No.: 3:23-cv-00005-MMD-CSD

**Order**

Re: ECF No. 7

Plaintiff was an inmate in custody of the Washoe County Detention Facility (WCDF), when he filed an application to proceed *in forma pauperis* (IFP) and pro se complaint. (ECF Nos. 1-1, 4.)

On August 2, 2023, the court issued an order granting his IFP application, which requires him to pay an initial partial filing fee and then pay the remainder of the $350 filing fee over time. In addition, the court screened the complaint and dismissed it with leave to amend. Plaintiff was given 30 days, until **September 1, 2023**, to file his amended complaint. (ECF No. 5.)

On August 31, 2023, Plaintiff filed a motion asking the court to "waive" the deadline to file the amended complaint. He also requested the appointment of counsel. (ECF No. 7.)

Plaintiff's motion is **GRANTED IN PART** to the extent he requests an extension of time to file his amended complaint and to pay his initial partial filing fee, but the extension will not be open ended as requested. Plaintiff has up to and including **November 20, 2023**, to file his amended complaint.

It appears that Plaintiff did make a payment toward the filing fee in the amount of $20, however, the receipt sent to him by the Clerk's Office was returned as undeliverable. (ECF No.

8.) Therefore, Plaintiff is also required to file a **notice of change of address** with his current contact information on or before **November 20, 2023**. *See* Local Rule IA 3-1.

If Plaintiff fails to timely file his amended complaint and notice of change of address, the undersigned will recommend dismissal of this action without prejudice.

Finally, the court will address Plaintiff's request for the appointment of counsel. "[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015). In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id*. (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991) (citation omitted).

Plaintiff has not demonstrated he has a likelihood of success on the merits as he does not even have an operative complaint on file. As such, he likewise has not established that his case is unduly complex or that he is unable to articulate his claims on his own behalf.

///

///

For these reasons, his request for appointment of counsel is **denied**.

**IT IS SO ORDERED**.

Dated: October 20, 2023

_____
Craig S. Denney
United States Magistrate Judge

3